# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia ex rel. Robert Lee Lewis,**
**Petitioner Below, Petitioner**

**vs.)   No. 12-0137** (Kanawha County 12-MISC-04)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

March 29, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert Lee Lewis, *pro se*, appeals the Circuit Court of Kanawha County's order, entered January 6, 2012, denying his petition for a writ of habeas corpus. The respondent warden, by Andrew D. Mendelson, his attorney, filed both a summary response and a motion to dismiss. Petitioner replied to both.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. For the reasons expressed below, this case is remanded for a hearing. In so holding, this Court finds that this case does not present a new or significant question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 5, 2009, petitioner was convicted of burglary by way of entering without breaking, abduction with intent to defile, and second degree sexual assault. Also, petitioner pled guilty to violating a domestic violence protective order. On March 30, 2010, petitioner was convicted of being a recidivist. Petitioner was sentenced to twenty-five to fifty-one years in prison with credit for time served.

On January 4, 2012, petitioner filed a petition for a writ of habeas corpus. Petitioner asserted that there had been ineffective assistance of trial counsel in that "[he] advised the court and his attorney of his intent to appeal[, and] [n]o appeal was taken."[1] Petitioner further asserted that he had written letters to which counsel would not respond. Petitioner asserted that the ineffective assistance required that he be resentenced and appointed appellate counsel.

---

[1] The docket sheet for the underlying criminal case, Felony No. 09-F-505, and a search of this Court's records show that there has been no appeal of petitioner's conviction and sentence.

1

In an order entered January 6, 2012, the circuit court denied the petition. The circuit court ruled that "the Court has reviewed the document and found that no contentions of fact or law are asserted to support his grounds for post-conviction habeas relief."

On appeal, petitioner asserts that counsel failed to file a notice of appeal or to perfect an appeal despite being requested to do so. Thus, petitioner argues that the circuit court erred in not finding that he was denied effective assistance of counsel.[2]

The respondent warden argues that petitioner's request for counsel cannot be verified and the record on appeal is insufficient to support reversing the circuit court. However, "[t]he constitutional right to appeal cannot be destroyed by counsel's inaction or by a criminal defendant's delay in bringing such to the attention of the court." Syl. Pt. 8, in part, *Rhodes v. Leverette*, 160 W.Va. 781, 239 S.E.2d 136 (1977). Because the record is unclear whether petitioner requested counsel to appeal, this Court concludes that the case should be remanded for a hearing on that issue. If it is determined that petitioner did make such a request, he should be resentenced for purposes of appeal and appointed appellate counsel. *See* Syl. Pt. 2, *Carter v. Bordenkircher*, 159 W.Va. 717, 226 S.E.2d 711 (1976) (holding that the appropriate remedy is, ordinarily, taking such steps as to allow an appeal).

For the foregoing reasons, we remand this case for a hearing.

Remanded.

**ISSUED:** March 29, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2] As part of his ineffective assistance argument on appeal, petitioner argues substantive issues that he apparently desires counsel to raise in an appeal. The only issue petitioner raised in his habeas petition was counsel's failure to file an appeal. Therefore, this Court will not pass on petitioner's substantive issues in the first instance. *See* Syl. Pt. 2, *Sands v. Security Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958).